IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 20–21–BU–DLC |
| Plaintiff, | |
| vs. | ORDER |
| TODD WILLIAM WEIDLER, | |
| Defendant. | |

On September 18, 2023, Defendant Todd William Weidler filed a motion to reduce his 120-month federal sentence under 18 U.S.C. § 3582(c)(1)(A). (Doc. 105.) His projected release date is November 24, 2029. *See* Inmate Locator, http://www.bop.gov/inmateloc (accessed March 12, 2024). On December 15, 2023, counsel was appointed to represent Weidler. (Doc. 108.) Appointed counsel filed a renewed motion on February 12, 2024. (Doc. 109.) The government opposes the motion. (Doc. 111.)

## ANALYSIS

The First Step Act gives district courts wide discretion to reduce an existing term of imprisonment so long as a defendant first seeks relief from the Bureau of Prisons and the reduction: (1) takes into consideration the sentencing factors set forth in 18 U.S.C. § 3553(a); (2) is warranted by "extraordinary and compelling

1

reasons," or the defendant is at least 70 years old and has served at least 30 years in prison; and (3) is consistent with the applicable policy statements of the United States Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A); *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (per curiam). The Sentencing Commission's relevant policy statement adds that the Court may not reduce a term of imprisonment unless "the defendant is not a danger to the safety of any other person or to the community." U.S. Sent'g Guidelines Manual § 1B1.13(a)(2) (U.S. Sent'g Comm'n 2023).[1]

Weidler argues that his participation in rehabilitative programming and his lack of disciplinary history while in BOP custody warrants a reduction in his sentence. (Doc. 109 at 9.) Weidler further argues that his familial and medical circumstances, paired with ongoing COVID-19 concerns, constitute extraordinary and compelling reasons for release. (*Id.* at 10–11.) For the reasons discussed below, the Court denies the motion.

I.   **Exhaustion of Administrative Remedies**

A defendant may only file a motion for compassionate release with the district court once he has "fully exhausted all administrative rights to appeal a

---

[1] The United States Sentencing Commission recently revised § 1B1.13 of the Sentencing Guidelines Manual, in part, moving the Commission's policy statements that were previously in commentary notes into the actual Guidelines text. *See* 2023 Amendments to the Sentencing Guidelines, Policy Statements, and Official Commentary, First Step Act—Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (effective Nov. 1, 2023) (available at https://www.ussc. gov/guidelines/amendments/adopted-amendments-effective-november-1-2023).

2

failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). On July 22, 2023, Weidler submitted a request for reduction in sentence to the Warden of FCI Sheridan, Warden Jaquez. (Doc. 105 at 5.) It appears from Weidler's exhibits that the Warden has not responded to the request. Thus, Weidler has exhausted his administrative remedies.

## II.   Extraordinary and Compelling Reasons

The Sentencing Commission provides explicit examples of what constitutes an "extraordinary and compelling reason," including where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover," or where "[t]he defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S. Sent'g Guidelines Manual § 1B1.13(b)(1)(B), (b)(1)(C) (U.S. Sent'g Comm'n 2023). Additionally, an extraordinary and compelling reason exists where the defendant presents the following circumstances—

> (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of

        infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
(ii)    due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
(iii)   such risk cannot be adequately mitigated in a timely manner.

*Id.* § 1B.13(b)(1)(D).

The defendant may also "present any other circumstance or combination of circumstances that, when considered by themselves or together with any of the" examples provided by the Sentencing Commission, "are similar in gravity to" the examples provided. *Id.* § 1B1.13(b)(5). However, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason." *Id.* § 1B1.13(d).

Weidler argues that COVID-19 has caused his custodial sentence to be significantly punitive and restrictive and that the conditions of his confinement satisfy the extraordinary and compelling circumstances test. (Doc. 109 at 8–9.) Weidler also argues that a sentence reduction would allow him to provide care for his 77-year-old mother who has had chronic health problems over the past year. (*Id.* at 9–10.) Lastly, Weidler argues that his chronic viral liver infection makes him more susceptible to severe COVID-19. (*Id.* at 11–12.)

The United States counters that Weidler has already contracted COVID-19 multiple times and not experienced any complications. (*Id.* at 10.) The United States also argues that while Weidler's mother is aging, she is not incapacitated,

and therefore her health circumstances are neither extraordinary nor compelling. (*Id.* at 7–8.)

The Court finds that Weidler has not demonstrated extraordinary and compelling circumstances that warrant an early release. The fact that Weidler's mother is aging and needs care is not, in and of itself, an extraordinary or compelling circumstance. Weidler has refused COVID-19 immunizations, negating his argument that his susceptibility to COVID-19 complications amounts to extraordinary and compelling circumstances. In addition, BOP records indicate that he has been prescribed medication to treat his Hepatitis and back pain.

### III. Section 3553(a) Factors

The Court must address the federal sentencing objectives set forth in 18 U.S.C. § 3553(a), which include the "nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to deter criminal conduct and protect the public, and to provide effective correctional treatment, including education or vocational training and medical care. *See* 18 U.S.C. § 3553(a)(1), (2). Courts may also consider the advisory guideline range and the need to "avoid unwarranted sentencing disparities" among similarly situated defendants. *See id.* § 3553(a)(4), (6).

On May 19, 2021, Weidler was sentenced in this matter to a custodial sentence of 120 months to be followed by 5 years of supervised release after pleading guilty to one count of conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). (Doc. 83.)

The offense conduct in this case involved Weidler possessing and distributing methamphetamine in Montana communities. (Doc. 85 at 5–11.) In total, Weidler was accountable for conspiracy to possess with intent to distribute 1,153.3 grams of methamphetamine. (*Id.* at 10–11.)

Weidler's total criminal history score was 14 at the time of sentencing, placing him in criminal history category VI. (*Id.* at 27.) His total offense level was 31, which included one two-level downward adjustment and one one-point downward adjustment for acceptance of responsibility. (*Id.* at 12–13.) Accordingly, Weidler's guideline range was 188 to 235 months. (*Id.* at 40.) The Court found that a substantial downward variance was warranted based on the nature and circumstances of the offense, the history and characteristics of Weidler, the need to protect the public from further crimes committed by Weidler, the need to provide Weidler with educational or vocational training, the need to avoid unwarranted sentencing disparities, and Weidler's acceptance of responsibility. (Doc. 84 at 2–3.) Therefore, the Court has already considered the 18 U.S.C. § 3553(a) factors in considering what is a sufficient but not greater than necessary

sentence for Weidler.

The Court finds Weidler's extensive criminal history, which includes convictions for drug distribution, assaults, and theft to be very concerning. The Court believes Weidler presents a safety risk to the community. Weidler has approximately 67 months remaining on his custodial sentence. Completion of the sentence imposed will best serve the aims of sentencing under § 3553(a), especially the need to promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public.

## CONCLUSION

Weidler has not demonstrated an extraordinary and compelling reason to warrant a reduction of his custodial sentence. The § 3553(a) factors support denial of Weidler's request.

Accordingly, IT IS ORDERED that Weidler's motion to reduce sentence (Docs. 105) is DENIED.

DATED this 13th day of March, 2024.

_____
Dana L. Christensen, District Judge
United States District Court